Citation Nr: AXXXXXXXX
Decision Date: 05/28/21 Archive Date: 05/28/21

DOCKET NO. 190425-18617
DATE: May 28, 2021

ORDER

Entitlement to service connection for obstructive sleep apnea is granted.

FINDING OF FACT

Resolving reasonable doubt in the Veteran's favor, his obstructive sleep apnea began during active service.

CONCLUSION OF LAW

The criteria for service connection for obstructive sleep apnea are met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from June 1988 to October 2012 in the United States Air Force, with subsequent service in the Air Force Reserves.

A rating decision was issued under the legacy system in December 2016. In July 2018, the Veteran opted into the modernized review system, also known as the Appeals Modernization Act (AMA), by submitting a Rapid Appeals Modernization Program (RAMP) election form and selecting the higher-level review (HLR) lane. In an October 2018 deferred rating, the agency of original jurisdiction (AOJ) identified a duty to assist error and undertook additional development. The AOJ issued the rating action on appeal in January 2019. Despite the AOJ's characterization of the January 2019 as an HLR decision, it is a supplemental rating decision because it considered additional evidence developed after the date of the Veteran's RAMP opt in. 

The Veteran directly appealed the January 2019 AMA rating decision to the Board of Veterans' Appeals (Board) and chose the Hearing docket. See April 2019 VA Form 10182. The Board may only consider the evidence of record at the time of the January 2019 AOJ decision on appeal, as well as any evidence submitted by the Veteran or his representative at the February 2021 Board hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a).

Entitlement to service connection for obstructive sleep apnea.

The Veteran contends that his obstructive sleep apnea began during active duty service.

The Board concludes that the Veteran has a current disability that began during active service. 38 U.S.C. §§ 1110, 1131, 5107(b); Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); 38 C.F.R. § 3.303(a).

November 2011 private treatment records show the Veteran has a current diagnosis of obstructive sleep apnea. Thus, the question becomes whether the current disability is related to service. On this question there are opinions in favor of and against the claim.

The evidence against the claim includes a December 2018 VA examination and medical opinion. The VA examiner references the private opinions of Drs. PD and JP as well as the lay statements of the Veteran's current wife, ex-wife, and former girlfriend, concluding that this evidence is not sufficient to establish the existence of sleep apnea during active duty service. The examiner specifically states that a sleep study is required to diagnose sleep apnea, and cites the Veteran's service treatment records as being silent for apnea related symptoms with the Veteran's sleep issues not being documented until 2010 in a periodic health assessment for his reserve service.

The evidence in favor of the claim includes private March 2017 medical opinions from Dr. JP and Dr. BD and lay statements from the Veteran's former spouse, former girlfriend, and current spouse. The lay statements clearly lay out competent observations of the Veteran's loud snoring, waking gasping for air, restless sleep, and daytime fatigue during the Veteran's years of active duty service. The medical opinions from Dr. JP and BD determine that the symptoms reported in these lay statements were at least as likely as not early symptoms of the Veteran's current sleep apnea. Additionally, these opinions reference a higher occurrence of obstructive sleep apnea in first Gulf War Veterans. 

Additionally, during his February 2021 hearing testimony the Veteran explained that while he discussed his sleep difficulties with fellow servicemembers, he never sought treatment or an assessment of the issues. The Board finds that this is competent and credible evidence directly responding to the VA examiner's opinion. 

Upon review of the record, the Board finds the evidence to at least be in equipoise as to whether the Veteran's current obstructive sleep apnea arose in service. Accordingly, after resolving all doubt in favor of the Veteran, the Board finds that service connection for obstructive sleep apnea is warranted. 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

 

 

M.E. Larkin

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board P.S. McLeod

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.